1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

2  Name: BROWN , David Preston

3  (Last)          (First)          (Middle)

4  Prisoner Number: 10092942

5  Institutional Address: Main Adult Detention Facility

6  2777 Ventura Ave Santa Rosa CA.

7  95403

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10  David Preston Brown
   (Enter your full name.)                   CV 13 5580

11
                                   Case No.
12  vs.                            (Leave blank; to be provided by Clerk of Court)

   John Doe # 1 Deputy Sheriff
13  John Doe # 2 Deputy Sheriff      **COMPLAINT UNDER THE CIVIL RIGHTS ACT,**
14  Jane Doe # 1 Facility Nurse      **42 U.S.C. § 1983**
15  (Enter the full name(s) of the defendant(s) in this action.)   **(PR)**

16

17  **I. Exhaustion of Administrative Remedies.**

18  *Note: You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

19
   A.  Place of present confinement Main Adult Detention Facility Santa Rosa, CA
20
   B.  Is there a grievance procedure in this institution?  YES ☒  NO ☐
21
   C.  If so, did you present the facts in your complaint for review through the grievance
22
       procedure?  YES ☒  NO ☐
23
   D.  If your answer is YES, list the appeal number and the date and result of the appeal at each
24
       level of review. If you did not pursue any available level of appeal, explain why.
25
       1. Informal appeal: Grievance # Gm2013-0912-02E  9-11-13
26
   Disciplinary/Grievance Officer said I refused my
27
   Shoes     See Attached #1
28

COMPLAINT *Page 1 of 4*

2. First formal level: _My grievance was found to be resoived._

3. Second formal level: _My grievance found unfounded_

4. Third formal level: _Grievance considered resolved._

E. Is the last level to which you appealed the highest level of appeal available to you?

      YES ☒    NO☐

F. If you did not present your claim for review through the grievance procedure, explain why.

_____

_____

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.

_David P Brown 2777 Ventura Ave Santa Rosa Ca 95403_

_____

B. For each defendant, provide full name, official position and place of employment.

~~Deputy Sheriff~~ 4th John Doe # 1 Deputy Sherif Sonoma Jail

John Doe # 2 Deputy Sheriff Sonoma County Jail

Jane Doe # 1 Nurse Sonoma County Jail

Deputy Dahlen - Deputy Sheriff - Sonoma County Jail

Nurse Olson - Director of Nurses - Sonoma County Jail

Niloofer Fodekl, Doctor - Sonom County Jail

D. Kolman - Medical Program Manager - Smoma County Jail

    See Attachment #2

COMPLAINT *Page 2 of 4*

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

I am a qualified individual with a disability. I was born with two clubfeet. On 9-1-13 I was arrested for a parole violation and brought to Sonoma County Jail. During booking and in the presence of Nurse Jane Doe, I explained to John Doe's # 1 ! 2 that I had clubfeet and that my feet were sore. More so then usual - they were bleeding. Over the past couple of days I had been breaking in a pair of new orthopedic shoes. I was only able to wear them over a brief period of time and then I would have to switch to a low top, non orthopedic shoe. I had open wounds on both feet. John Doe # 1 while attempting to remove my shoe, he tried jerking it off without unlacing the shoes strings. I screamed

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

I would like to be compensated for pain and suffering and request punitive damages to all defendants plus Sonoma County Jail

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this _25_ day of _November_, 20_13_

_____
(Plaintiff's signature)

*Please continue to the next page.*

COMPLAINT *Page 3 of 4*

Attachment # 1

· Second Grievance

1. Informal appeal: #Gm 2013-1002-04m
Disciplinary/Grievance officer said pain medication
was ordered

Steps II and III Not approuable

Last formal Level

According to Lt Award the Doctor prescribed
Medication deemed appropriate


Attachment # 2

Parties

defendant

Steve Freitas, Sheriff- Sonoma County Sheriff
office


defendant
County of Sonoma

1

# MEMO FROM LEGAL RESEARCH ASSOCIATES (LRA) SONOMA COUNTY

**Request # M13-1199**

RE: State civil lawsuit forms; damages

The item(s) you have requested exceeds the scope of LRA's agreement with your incarcerating facility and will not be provided.

David Brown

## Statement of Claim Continued:

in pain and again told him my feet were sore. I continued to moan in pain until my shoes had been removed. John Doe's 1 & 2 asked me to stand up. With my hands handcuffed behind my back, barefooted, no shoes, no sock I explaind that I could not stand without leaning and wobbling. They said they would help me. As I began to lean and wobble they told me not to move. I asked if I could lean my head into the wall to help stablelize me. They complied with my request. I was completely searched. I stood up straight and a moment later they began another search. I started leaning and wobbling. John Doe #2 grabbed my thumbs and told me to quit moving while forcing my arms up towords my head. John Doe #1 leaned over and on me with considerable weight causing crys of pain. At this time, the Santa Rosa Police Officer said "Come on fella's". I took that to mean, "thats enough." These deputys were deliberately indifferent to my pain and suffering, exposing me to cruel and unusual punishment. All in the presence of Nurse Jane Doe #1

i

# MEMO FROM LEGAL RESEARCH ASSOCIATES (LRA)

**Request # M13-1199**

**RE: Request for civil lawsuit information and/or forms**

You have requested civil lawsuit forms and/or information on filing a lawsuit. Pursuant to the policies of your county, LRA will not provide civil lawsuit forms or information *except* in the following circumstances:

1. If you are planning to file a civil suit for personal injury or property damage against one or more public entity (city, county, or state) employees, you must first have exhausted the administrative procedures. This means filing an administrative tort claim with the city, county, and/or state in question, and have your claim rejected by the agency you wish to sue before you can file a civil lawsuit. An administrative "government tort claim form" must be filed within six months of the date the injury or loss occurred. LRA will send government tort claim forms, but will <u>not</u> send out civil lawsuit forms for suing public entity employees if an inmate's claim is rejected by the city, county, or state involved.

2. LRA will provide forms and/or information related to filing complaints by prisoners under the Civil Rights Act (42 USC §1983). These actions are used to challenge federal constitutional or statutory violations which affect the conditions of your confinement or your treatment by government employees while in custody.

<u>Please do not return this memo to LRA</u>. Requests for the "Government Tort Claim" or "Civil Rights Complaint" packets must be made on the legal request forms and are subject to jail policies regarding frequency of inmate requests.

LRA

civil.lawsuit/rev010407/cgd

David Brown

Statement of Claim Continued

Claim #2

After this portion of the booking procedures, my shoes, after being inspected, were returned to me without the shoe strings Which is normal. As usual I requested a wheelchair as I am unable to walk without my feet being supported. Upon my arrival I informed the nurse of the varres medical problems I had included the need for my shoes. My shoes were cleared by medical that same day. I was in considerable more pain as I rolled into the holding area Eight to ten hours later, still in pain, I was issued Jail Clothing and bedding and was asked for my shoes. In the past fifteen years whenever I'd been arrested (more then 50 times) I had been given my shoes. On many occasions I was wearing orthpedic shoes and just as many I was not. At one time I was wearing combat boots because of the high ankle support they provided. They were approved as well as other tennis shoes I had worn. Orthopedic shoes had Never before been an issue. Sonoma County Jail has a complete history of my disability. I had no choice but to surrender my shoes. This deputy told me I would be seeing the doctor in a day or two. Being able to walk Keeps my feet flexable. My feet were so sore that for the first couple of days I siept on the floor so that I could easily crawl on my knees

2

| Name | Booking # | Cell | Facility |
|------|-----------|------|----------|
| BROWN, DAVID PRESTON | 10092942 | J11 | - MAIN ADULT DET FAC |

Transaction Nbr:   1789395                    Cash - Receipt Nbr: A004028239

Welfare Package:                                           00.00


Signed:_____        Date:_____

Verified through photo ID that the above-named is the
individual to whom commissary items were issued. Initial:_____

David P. Brown
2777 Ventura Ave
Santa Rosa, CA 95403

**6. DATE & TIME OF ACCIDENT OR LOSS:** 9-1-13 - 2200 hrs and continuing

**7. LOCATION OF ACCIDENT OR LOSS (INCLUDE CITY, COUNTY, AND STREET ADDRESS, INTERSECTION, ROAD NUMBERS OR MILE MARKER):**

Sonoma County Main Adult Detention Facility
2777 Ventura Ave, Santa Rosa, CA 95403

**8. HOW DID THE ALLEGED ACCIDENT OR LOSS OCCUR? STATE ALL FACTS WHICH SUPPORT YOUR CLAIM AGAINST THE PUBLIC ENTITY:**

ON 9-1-13 I was arrested by Santa Rosa Police for a parole violation. While being booked into jail and assigned to a cell my shoes had been taken from me and I was wheeled to a cell. Upon arrival to SCJ I explained to the nurse, as I had on previous occasions of arrest that
(CONTINUE ON SEPARATE SHEET, IF NECESSARY) See attached.

**9. DESCRIBE INJURY / DAMAGE / LOSS:** I have been without shoes since 9-1-13. I have talked to several nurses and several physicians assistants complaining of unbearable pain. Explaing that I have been crawling around to avoid standing on my feet.
(CONTINUE ON SEPARATE SHEET, IF NECESSARY) See attached.

**10. NAME OF PUBLIC EMPLOYEE (S) CAUSING INJURY / DAMAGE / LOSS, IF**

**KNOWN:** _____

_____

**11. SIGNATURE OF CLAIMANT OR ATTORNEY/REPRESENTATIVE:**
x David P. Brown . In Pro Per _____ **DATED:** _____

**12. DAYTIME TELEPHONE NUMBERS (PLEASE INCLUDE AREA CODE)**
    **CLAIMANT**                  **ATTORNEY/REPRESENTATIVE**
    (    )                      (    )

NOTICE

SECTION 72 OF THE PENAL CODE PROVIDES:

"EVERY PERSON WHO, WITH INTENT TO DEFRAUD, PRESENTS FOR ALLOWANCE OR FOR PAYMENT TO ANY STATE BOARD OR OFFICER, OR TO ANY COUNTY, CITY, OR DISTRICT BOARD OR OFFICER, AUTHORIZED TO ALLOW OR PAY THE SAME IF GENUINE, ANY FALSE OR FRAUDULENT CLAIM, BILL, ACCOUNT, VOUCHER, OR WRITING," IS GUILTY OF EITHER A MISDEMEANOR OR FELONY AND MAY BE SUBJECT TO IMPRISONMENT AND/OR A FINE.

David Brown

Statement of Claim Continued

Claim #2

to use the bathroom, and that only to urinate. I risked Constipation because having a bowl movement would require me to put my foot on the ground. I was housed in a security housing unit in a wheelchair accessible cell - At each instance when someone/anyone would come to the door I would tell them I was in pain. Any movement on my part caused pain. I had open wounds on my feet. I don't know how many meals I refused simply because moving caused extreme pain. The same with medication. The current medication I was taking has never been sufficient when I've been in this much pain. Eventually I put in a sick call slip. After asking the Housing officer when was I scheduled to see the doctor. He said I wasn't. The Physicians' Assistant saw me on the 9th of September. I pointed out the wounds on my feet and she left saying she would approve my shoes. Days later I saw the other P.A. and again pointed out my wounds and expressed my pain. No medication nor my shoes were forth coming. I wrote several Inmate Request Forms complaining about pain. Eventually I saw the doctor on 9-27-13. A review of my medical file prior to seeing me would have few her that I was not withdrawing from any unlawful drug. Her first words to me were "I am not giving you any narcotic". I pointed out the wounds on my feet, she abandoned the food port that she was speaking to me thru and asked that the

David Brown

Statement of Claim Continued

Claim #2

door be opened so that she could exam my feet. When she was finished she said she would perscribe naproxin and she was saying something else as she closed the door and walked away. I felt that she did not give me the opportunity to express myself. I grieved it. I also decided to go with her program. If it didn't work atleast I could say I tried. The naproxin did nothing for the pain. After thirty days I submitted another sick call slip complaining of pain. Dr Fodokl sent me a memo suggesting that the original pain medication had been restarted. It was not. When I received her memo I sent her a Inmate Request Form alerting her of my current medications. Nevoltins was not among them. On 10-31-13 I was being seen by the P.A. on an unrelated matter and showed her the memo dated 10-29-13 from Dr. Fodokl. The P.A. opened my file and saw immediately that this pain medication was discontinued on or about 9-3-13. She restarted it and I began receiving it A day later. Because of the doctors negligence I was subjected to deliberate indifference to my serious need for pain medication. Her superior D. Kolman, The Medical Program Manager should have caught this when he reviewed my medical file and said in my grievance that she did per-scribe pain medication, when she did not.

4

David P. Brown
Santa Rosa, CA 95403

**6. DATE & TIME OF ACCIDENT OR LOSS:** 9-1-13 - 2200 hrs and continuing

**7. LOCATION OF ACCIDENT OR LOSS (INCLUDE CITY, COUNTY, AND STREET ADDRESS, INTERSECTION, ROAD NUMBERS OR MILE MARKER):**

Sonoma County Main Adult Detention Facility

2777 Ventura Ave, Santa Rosa, CA 95403

**8. HOW DID THE ALLEGED ACCIDENT OR LOSS OCCUR?  STATE ALL FACTS WHICH SUPPORT YOUR CLAIM AGAINST THE PUBLIC ENTITY:**

ON 9-1-13 I was arrested by Santa Rosa Police for a

parole violation. While being booked into jail and assigned

to a cell my shoes had been taken from me and I was

wheeled to a cell. Upon arrival to SCJ I explained to the

nurse, as I had on previous occasions of arrest that
(CONTINUE ON SEPARATE SHEET, IF NECESSARY) See attached.

**9. DESCRIBE INJURY / DAMAGE / LOSS:** I have been without shoes since

9-1-13. I have talked to several nurses and several physicians

assistants complaining of unbearable pain, Explaing that I

have been crawling around to avoid standing on my feet.
(CONTINUE ON SEPARATE SHEET, IF NECESSARY) See attached.

**10. NAME OF PUBLIC EMPLOYEE (S) CAUSING INJURY / DAMAGE / LOSS, IF**

**KNOWN:** _____

_____

**11. SIGNATURE OF CLAIMANT OR ATTORNEY/REPRESENTATIVE:**

x David P. Brown · In Pro Per      **DATED:** _____

**12. DAYTIME TELEPHONE NUMBERS (PLEASE INCLUDE AREA CODE)**
    **CLAIMANT**                **ATTORNEY/REPRESENTATIVE**
    (   )                  (   )

NOTICE

SECTION 72 OF THE PENAL CODE PROVIDES:

"EVERY PERSON WHO, WITH INTENT TO DEFRAUD, PRESENTS FOR ALLOWANCE OR FOR PAYMENT TO ANY STATE BOARD OR OFFICER, OR TO ANY COUNTY, CITY, OR DISTRICT BOARD OR OFFICER, AUTHORIZED TO ALLOW OR PAY THE SAME IF GENUINE, ANY FALSE OR FRAUDULENT CLAIM, BILL, ACCOUNT, VOUCHER, OR WRITING," IS GUILTY OF EITHER A MISDEMEANOR OR FELONY AND MAY BE SUBJECT TO IMPRISONMENT AND/OR A FINE.

David Brown

Statement of Claim Continued
Claim #3

As a qualified individual with a disability, there is an
ADA coordinator who oversees compliance for Sonoma
County Jail. She meets with me every other week
to see how I'm doing. I have told Deputy Dahlen on
several occasions that I was not showering because
of the difficulty I have getting around in the shower.
There is a bench but no shower chair. No way to get
to and from the bench other then to crawl and I have
done that on occasion with a great deal of pain and
discomfort. Also there is no wand to remove soap from
your back. When I was transfered to another housing unit
I again explained why I did not shower. I also told the
ADA coordinator that I was concerned for my safety because
without shoes, I am unable to defend myself. My shoes were
ripped out from the bottom. The staff says I wore them in
like that which I deny. Through their grievance procedure
they have determined that it is normal wear and tear.
They have contrived, quite cleverly to place the blame on me.
This deliberate indifference denied me basic human needs,
and subjected me to cruel and unusual punishment.
Also violates Due Process Rights.

# MEMO FROM LEGAL RESEARCH ASSOCIATES

**RE: COPIES OF FORMS**

# <u>READ THIS BEFORE YOU FILL OUT ANY FORMS!!!</u>

Contained within this packet are forms which inmates may need more than one copy of, before and/or after they are completely filled out.

**<u>LRA does not provide multiple copies of forms nor does it provide copy services for inmates.</u> All** requests for copy services are to be made through the usual channels within your jail/facility.  Ask your housing staff if you do not know how to get copies.

Most jails will usually not make copies of blank forms.  All forms sent for copying should at least include both the inmate's printed name and signature, and a case number if the court has already assigned one.

**LRA** recommends that inmates do the following, upon receipt of their requested forms:

>    1.  Print and/or sign their name on the appropriate lines on **each** page of the forms packet that has signature and/or name lines;
>    2.  Send the form(s) to the department/persons that are responsible for copying inmate documents;
>    3.  Upon return, fill out the copy and keep the original form for future use; and
>    4.  Submit the completed form for copying if more than one copy of the completed form is needed (**LRA** suggests that inmates may want to keep one copy of all completed forms for their own records.)

**<u>NOTE</u>:  LRA has no input in the decisions jail staff may make regarding copy services.  Inmates may have to completely fill out their forms before jail staff will copy them.  If that occurs, please take care to fill them out carefully and legibly.**

LRA-COPIES/REV0202/CGD

Statement of Claim Continued.

Claim #4

CFMG Director of Nurses Koreen Olson undertook action to provide me with a wheelchair and said that it is appropriate for my mobility issues. She did this without consulting me, otherwise making a diagnosis of my abilities or inabilities without a conference with me. In my grievance I state that the most basic of activities of daily living are impacted. She again reiterated that the wheelchair I am currently using is totally appropriate. These actions or inactions demonstrated deliberat indifference, undue process and cruel and unusual punishment.

D. Kolman, Medical Program Manager has overall responsability for medical staff

Steve Freitas, Sheriff, Sonoma County, has overall responsability for Jail Custody Staff.

Sonoma County, has overall responsibilty for all county employees.

This facility receives federal finacial assistance.

4

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

**INSTRUCTIONS FOR PRISONER'S**
**IN FORMA PAUPERIS APPLICATION**

You must submit to the court a completed Prisoner's In Forma Pauperis Application if
you are unable to pay the entire filing fee at the time you file your complaint or petition.
Your application must include copies of the prisoner trust account statement showing
transactions for the last six months and a certificate of funds in prisoner's account, signed by
an authorized officer of the institution.

**A.     Non-habeas Civil Actions**

The filing fee for any civil action other than a petition for a writ of habeas corpus is
$350.00.  Even if you are granted leave to proceed in forma pauperis, you must still pay the
full amount of the court's filing fee, but the fee will be paid in several installments.  28 U.S.C.
§ 1915.

You must pay an initial partial filing fee of 20 percent of the greater of (a) the average
monthly deposits to your account for the 6-month period immediately before the complaint
was filed or (b) the average monthly balance in your account for the 6-month period
immediately before the complaint was filed.  The court will use the information provided on
the certificate of funds and the trust account statement to determine the filing fee immediately
due and will send instructions to you and the prison trust account office for payment if in
forma pauperis status is granted.

After the initial partial filing fee is paid, your prison's trust account office will forward
to the court each month 20 percent of the most recent month's income to your prison trust
account, to the extent the account balance exceeds ten dollars ($10.00).  Monthly payments
will be required until the full filing fee is paid.  If you have no funds over ten dollars ($10.00)
in your account, you will not be required to pay part of the filing fee that month.

**If your application to proceed in forma pauperis is granted, you will be liable for**
**the full $350.00 filing fee even if your civil action is dismissed.  That means the court will**
**continue to collect payments until the entire filing fee is paid.**

**B.     Habeas Actions**

The filing fee for a petition for a writ of habeas corpus is $5.00.  If you are granted
leave to proceed in forma pauperis you will not be required to pay any portion of this fee.  If
you are not granted leave to proceed in forma pauperis you must pay the fee in one payment
and not in installments.  **If you use a habeas form to file a non-habeas civil action, you will**
**be required to pay the $350.00 filing fee applicable to all non-habeas civil actions.**

*PRISONER'S IN FORMA PAUPERIS APPLICATION (Rev. 3/13)*