UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

DAVID PRESTON BROWN,

    Plaintiff,

    v.

STEVE FREITAS, et al.,

    Defendants.

                                  /

No. C 13-5630 NJV (PR)

**ORDER OF PARTIAL DISMISSAL WITH LEAVE TO AMEND**

Plaintiff has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.   Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

Plaintiff alleges that on September 1, 2013, he was arrested for a parole violation and brought to the Sonoma County Jail. He claims that staff at the jail used excessive force against him and did not provide adequate medical care. He names as defendants John Doe #1, Deputy Sheriff Sonoma County Jail; John Doe #2, Deputy Sheriff Sonoma County Jail; Jane Doe #1, Nurse Sonoma County Jail; Deputy Dahlen, Deputy Sheriff, Sonoma County Jail; Niloofer Fodokl, Doctor, Sonoma County Jail; D. Kolman, Medical Program Manager, Sonoma County Jail; Steve Freitas, Sheriff, Sonoma County, and the County of Sonoma.

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). The Due Process Clause protects a post-arraignment pretrial detainee from the use of excessive force that amounts to punishment. *See Graham v. Conner*, 490 U.S. 386, 395 n. 10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535–39 (1979)); *see also Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1197 (9th Cir. 2002). The Ninth Circuit has stated the factors a court should consider in resolving a due process claim alleging excessive force. *White v. Roper*, 901 F.2d 1501, 1507 (9th Cir. 1990). These factors are (1) the need for the application of force, (2) the relationship between the need and the amount of force that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith effort to maintain and restore discipline. *Id.*

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.[1]

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The

---

[1] Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees). The Ninth Circuit has determined that the appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment. "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) (citation omitted).

3

existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference.... [Prisoner] would have no claim for deliberate medical indifference unless the denial was harmful." *Shapely v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff alleges he has clubfeet and had open wounds on his feet when he was arrested. He claims that during booking at the jail and in the presence of Nurse Jane Doe, he explained to Defendants John Does #1 and #2 that he has club feet and that his feet were sore, with open, bleeding wounds due to a new pair of orthopedic shoes. Plaintiff claims that Defendant John Doe #1, a jail guard, tried to jerk Plaintiff's shoes off without unlacing them, which caused Plaintiff to scream in pain. Plaintiff claims that Defendants John Doe #1 and John Doe #2 forced plaintiff to stand while he was searched. Plaintiff was handcuffed behind his back, was barefoot, and was not wearing shoes or socks. Plaintiff explained that he could not stand without leaning and wobbling. During the search, Defendant John Doe #1 leaned onto Plaintiff with considerable weight, causing Plaintiff to

4

cry out in pain. Plaintiff alleges that these two Doe Defendant sheriff deputies were deliberately indifferent to his pain and suffering.

The court finds that the allegations in the complaint are sufficient to support a claim against Defendant John Doe #1 for use of excessive force against a pretrial detainee in violation of the Fourteenth Amendment. They are not sufficient to state such a claim against either John Doe #2 or Jane Doe #1.

Defendants John Doe #2 and Jane Doe #1 will be dismissed without prejudice. Plaintiff should note that the court cannot order service on John Doe #1 until Plaintiff provides the court with the identity of that defendant.

Plaintiff claims that although his shoes were returned to him after booking, the laces were removed. He requested a wheelchair, as he is unable to walk without his feet being supported. He informed the nurse of his need for his shoes, and the shoes were cleared by medical. However, when he was placed in the holding area, his shoes were taken from him. Plaintiff claims that for the first couple days he slept on the ground so that he could easily crawl on his knees to the toilet. Plaintiff was in severe pain from the open wounds on his feet. Plaintiff claims that he saw a physician's assistant on September 9th, and was told she would approve his shoes. He saw another physician's assistant a few days later and again pointed out his wounds and explained that he was in pain. Neither Plaintiff's shoes nor pain medication were forthcoming. Plaintiff states in his complaint, dated November 25, 2013, that he has been without shoes since September 1, 2013. He claims that on numerous other visits to the jail he was allowed to keep his shoes.

Plaintiff saw a doctor on September 27, 2013, regarding his feet. The doctor prescribed Naproxin, which did nothing for the pain in Plaintiff's feet. In further communications Dr. Fodokl incorrectly asserted that Plaintiff's other, original pain medication had been restarted. This resulted in Plaintiff being without his original pain medication from September 3, 2013, to November 1, 2013.[2] Plaintiff claims that Dr.

---

[2] Plaintiff was being housed in the withdrawal unit.

5

Fodokl's supervisor, D. Kolman, the medical program manager, should have caught this error when he reviewed Plaintiff's medical file.

The court finds that Plaintiff has provided sufficient factual allegations to support an claim for violation of the Fourteenth Amendment based on deliberate indifference to serious medical needs as to Dr. Fodokl.

Supervisory Liability

"Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to action to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

Plaintiff's only allegation against D. Kolman is that he should have caught the error when he reviewed Plaintiff's medical file. This allegation is insufficient to support a claim based on supervisory liability under *Taylor v. List*. Accordingly, the court will dismiss D. Kolman from this action without prejudice.

Plaintiff's only allegation against Steve Freitas, Sheriff of Sonoma County, is that he has overall responsibility for jail custody staff. This allegation is insufficient to support a claim based on supervisory liability under *Taylor v. List*. Accordingly, the court will dismiss Steve Freitas from this action without prejudice.

Municipal Liability

A governmental entity "is not liable for the random acts or isolated incidents of unconstitutional action by a non-policymaking employee. [Citations.]" *Sepatis v. City and County of San Francisco*, 217 F.Supp.2d 992, 1005 (N.D.Cal.2002). To impose liability against a county for a violation of constitutional rights on the basis of official policy or procedure, a plaintiff must show: (1) that plaintiff was deprived of a constitutional right; (2) that the municipality had a policy; (3) that this policy amounted to deliberate indifference of plaintiff's constitutional rights; and (4) that the policy was the moving force behind the

constitutional violation." *Id.* (citing *Plumeau v. Sch. Dist. # 40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997).

Plaintiff's only allegation against Sonoma County is that it has overall responsibility for all county employees. Under the standard set forth above, this is insufficient to support liability on the part of Sonoma County for the unconstitutional acts of its employees. Accordingly, the court will dismiss Sonoma County without prejudice to the extent that Plaintiff's constitutional claims are asserted against it.

Americans with Disability Act Claims

Pursuant to Title II of the ADA, a "qualified individual with a disability" cannot, "by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II applies to jails' services, programs, and activities for detainees. *See Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209–10, 118 S.Ct. 1952 (1998); *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir.2001). The regulations promulgated under Title II spell out the obligations of public entities. Under the regulations, a qualified individual with a disability (an individual for whom reasonable modifications may be required, 42 U.S.C. § 12131(2)) must not be excluded from or denied the benefits of a public entity's services, programs, or activities because the entity's facilities are inaccessible or unusable. See 28 C.F.R. § 35.149.

Plaintiff alleges that his is a qualified individual with a disability and that he meets regularly with the ADA coordinator for the Sonoma County Jail. He claims that he informed her that he was not showering because of the difficulty he had getting around in the shower. He states that although there is a bench in the shower, there is no shower chair. Plaintiff claims that there is no way to get to and from the bench other than to crawl, which causes him a great deal of pain. He claims that he also informed Deputy Dahlen that he was not showering because of this problem.

The court finds that Plaintiff's allegations are sufficient to support an ADA claim

1 against Sonoma County.  Plaintiff's allegations regarding Deputy Dahlen are insufficient to
2 support an ADA claim, as Plaintiff does not allege that Deputy Dahlen had any duty
3 regarding ADA compliance at the jail.  The court will therefore dismiss Deputy Dahlen
4 without prejudice.

Although Plaintiff makes an allegation regarding a concern for his safety because his shoes were "ripped out from the bottom," the court is unable to discern whether this applies to the situation in the shower, or to some other context.  Plaintiff may explain this claim in more detail, should he choose to file an amended complaint.

As his final claim, Plaintiff states he has problems moving around and requested a wheelchair.  He was provided with a wheelchair determined to be appropriate for his mobility issues, but the diagnosis of his disabilities was made by CFMG director of Nurses Koreen Olson without consulting him.  Plaintiff alleges that is amounts to deliberate indifference.  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  The court finds that Plaintiff's allegations do not state an Eighth Amendment or Due Process claim.  Therefore, the court will dismiss this claim and Defendant Koreen Olson without prejudice.

**CONCLUSION**

1. Defendants John Doe #2 and Jane Doe #1 are dismissed from this action without prejudice to Plaintiff's right to file a first amended complaint remedying the pleading deficiencies as to those two Defendants discussed above.

2. Defendant D. Kolman is dismissed from this action without prejudice to Plaintiff's right to file a first amended complaint remedying the pleading deficiencies as to that Defendant discussed above.

3. Defendant Steve Freitas is dismissed from this action without prejudice to Plaintiff's right to file a first amended complaint, remedying the pleading deficiencies as to that Defendant discussed above.

4.  Defendant County of Sonoma is dismissed from this action to the extent that Plaintiff attempts to assert a Constitutional claim against it, without prejudice to Plaintiff's right to file a first amended complaint remedying the pleading deficiencies as to that Defendant discussed above.

5.  Defendant Deputy Dahlen is dismissed from this action to the extent that Plaintiff attempts to asserts an ADA claim against him, without prejudice to Plaintiff's right to file a first amended complaint, remedying the pleading deficiencies as to that Defendant discussed above.

6.  Defendant Koreen Olson is dismissed from this action to the extent that Plaintiff attempts to assert a deliberate indifference claim her, without prejudice to Plaintiff's right to file a first amended complaint, remedying the pleading deficiencies as to that Defendant discussed above.

6.  If he chooses to do so, Plaintiff may file an amended complaint in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference.

7.  If Plaintiff chooses not to file a first amended complaint, the case will go forward with the following claims only: an excessive force claim against John Doe #1 (who will not be served until identified by Plaintiff); a deliberate indifference to serious medical needs claim as to Dr. Fodokl; and an ADA claim against Sonoma County

8.  It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure

to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 20, 2014.

NANDOR J. VADAS  
United States Magistrate Judge

G:\PRO-SE\NJV\CR.13\Brown5630.dwlta.wpd

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DAVID PRESTON BROWN,<br><br>    Plaintiff,<br><br>  v.<br><br>STEVE FREITAS, et al.,<br><br>    Defendants.<br>_____ / | No. 13-CV-5630 NJV<br><br>CERTIFICATE OF SERVICE |

    I, the undersigned, hereby certify that on February 20, 2014, I SERVED a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

David Preston Brown
2066 Mendocino Avenue
#54
Santa Rosa, CA 95401


/s/ Linn Van Meter
_____
Linn Van Meter
Administrative Law Clerk to
the Honorable Nandor J. Vadas

11