UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

DAVID PRESTON BROWN,

        Plaintiff,

   v.

STEVE FREITAS, et. al.,

        Defendants.

                                /

No. C 13-5630 NJV (PR)

**ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

This is a civil rights case brought pro se by a former detainee at Sonoma County Jail.[1] Plaintiff presents claims of inadequate medical care and violations of the Americans with Disabilities Act ("ADA"). Defendants Sonoma County and Dr. Fadaki filed separate motions for summary judgment on November 10 and 12, 2014, respectively. Plaintiff has not filed an opposition or otherwise communicated with the court despite defendants filing an additional notice of plaintiff's non-opposition on December 15, 2014. The court will still look to the merits of the motions and for the reasons set forth below, the motions for summary judgment are granted.[2]

---

[1] Plaintiff was released from custody on December 2, 2013. County Brief for Motion for Summary Judgment, Docket No. 19 ("MSJ2"), Ex. C at 22.

[2] A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *See Cristobal v. Siegel*, 26 F.3d 1488, 1494-95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact). This is so even if the failure to oppose violates a local rule. *See Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003) (nonmoving party's failure to comply with local rules does not excuse moving party's affirmative duty under Rule 56 to demonstrate its entitlement to judgment as a matter of law).

**DISCUSSION**

**Complaint**

Plaintiff alleges that he has club feet and had open wounds on his feet when he was arrested and taken to the jail. Complaint at 3. He states that he had trouble walking because of the pain and, due to defendant Dr. Fadaki's actions, he was not provided proper pain medication from September 3, 2013, to November 1, 2013. Complaint at 11-12. Plaintiff also states that while there is a bench in the shower, there was no shower chair and he had to crawl to get to the bench. Complaint at 14. He claims that no accommodation was provided after he voiced his concerns. Plaintiff seeks relief in the form of money damages. Complaint at 3.

**Motion for Summary Judgment**

    **A.    Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

**Medical Care**

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *Id.* at 1059.[3]

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.*  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment.  *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  *Farmer*, 511 U.S. at 837.  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but

---

[3] Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).  The Ninth Circuit has determined that the appropriate standard for evaluating constitutional claims brought by pretrial detainees is the same one used to evaluate convicted prisoners' claims under the Eighth Amendment.  "The requirement of conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial detainees' right to not be punished with the deference given to prison officials to manage the prisons." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc) *(abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference.... [Prisoner] would have had no claim for deliberate medical indifference unless the denial was harmful." *Shapley v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

**ADA**

Title II of the ADA "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 213 (1998).

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: he is a "qualified individual with a disability"; he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff may bring a claim under Title II of the ADA against state entities for injunctive relief and damages. *See Phiffer v. Columbia River Correctional Institute*, 384 F.3d 791, 792 (9th Cir. 2004). The standard for recovery of damages is deliberate indifference to plaintiff's rights under the ADA. *Duvall v. County of Kitsap*, 260 F.3d 1124,

1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139.

### B.  Facts

The court has reviewed defendants' motions for summary judgment and plaintiff's verified complaint. The following facts are undisputed, unless otherwise noted.

**Medical Care**

Plaintiff's original pain medication, Neurontin, was ordered after plaintiff arrived at the jail but was discontinued on September 4, 2013. This was because plaintiff refused the medication on the mornings of September 2 to September 4, as well as the evenings from September 1 to September 3. Fadaki Motion for Summary Judgment, Docket No. 27 ("MSJ1") at 2.

On September 26, 2013, plaintiff indicated that he wanted his medication. *Id.* at 3. On September 27, 2013, Dr. Fadaki had her first direct contact with plaintiff. *Id.* She performed a complete clinical examination and found that plaintiff was experiencing some pain on passive movement of his clubbed feet, but there was no swelling, effusion, or erythema. *Id.* Dr. Fadaki prescribed Naproxen for pain relief, as it would be more appropriate for the sedentary lifestyle of plaintiff's incarceration and because he was using a wheelchair. *Id.* However, she noted that Neurontin could be added when needed. *Id.*

On October 25, 2013, plaintiff reported to nurses that the pain medication was not working. *Id.* At that time, Dr. Fadaki mistakenly thought plaintiff was receiving Neurontin, so that prescription was not restarted until October 31, 2013. *Id.* Plaintiff was still being provided Naproxen during this time. MSJ1, Ex. to Kolman Declaration Part 2 at 10.

**Disability Accommodations**

On plaintiff's arrival at the jail on September 1, 2013, he was medically evaluated for disabilities. MSJ2 at 3. Plaintiff was provided a wheelchair and housed in a wheelchair accessible cell and housing unit. *Id.* The shower areas plaintiff used were wheelchair

accessible, had shower benches, and shower grab bars. *Id.* The showers had a smooth flattened threshold and a large maneuverable space within for an inmate to roll a wheelchair directly into the shower and position it next to the shower bench. *Id.* Plaintiff conceded these facts in his deposition. MSJ2, Ex. C at 40-42. Plaintiff filed no grievances regarding the shower facilities. MSJ2 at 3-5.

### C. Analysis

As noted above, plaintiff has not filed an opposition or otherwise communicated with the court, but the court has reviewed his verified complaint in considering the motions for summary judgment. It is undisputed that plaintiff declined Neurontin for his pain on several occasions and when plaintiff indicated he required pain medication on September 26, he was seen the next day by defendant Dr. Fadaki. It is undisputed that Dr. Fadaki prescribed Naproxen for pain relief as well as Neurontin when required.

While plaintiff requested Neurontin on October 25, the medication was not provided until October 31, due to an error. However, plaintiff was still being provided Naproxen during this time. While Dr. Fadaki could perhaps have been negligent in her mistake, it does not rise to the level of deliberate indifference. A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *see, e.g., Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence).

Defendant has met her burden in demonstrating the absence of a genuine issue of material fact with respect to plaintiff's medical claim and the treatment he received. A review of the record demonstrates that plaintiff received a great deal of care and was provided pain medication. Plaintiff has failed to meet his burden to set forth specific facts showing that there is a genuine issue for trial regarding defendant's mistake or any other

6

aspect of his medical claim.  Therefore, summary judgment is granted to defendant Dr. Fadaki for this claim.

Sonoma County has demonstrated the absence of a genuine issue of material fact with respect to plaintiff's ADA shower claim.[4]  Plaintiff does not seek injunctive relief, only monetary damages.  As noted above, the standard for recovery of damages is deliberate indifference to plaintiff's rights under the ADA.  *Duvall*, 260 F.3d at 1138.  "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood."  *Id.* at 1139.

It is undisputed that plaintiff was provided a wheelchair and housed in a wheelchair accessible cell and housing unit.  The shower areas plaintiff used were wheelchair accessible, had shower benches, and shower grab bars.  The showers had a smooth flattened threshold and a large maneuverable space for an inmate to roll a wheelchair directly into the shower and position it next to the shower bench.   In his deposition, plaintiff conceded that there were shower accommodations, but stated they were not reasonable for him.  MSJ2, Ex. C at 42-43.

However, plaintiff cannot obtain relief by showing that defendant did not accommodate all of his requests.  *See, e.g., Memmer v. Marin County Courts*, 169 F.3d 630, 633 (9th Cir. 1999).  Rather, plaintiff must show that defendant discriminated against him in terms of making prison programs and activities unavailable to him when compared to non disabled inmates.  *See. e.g., Brown v. City of Los Angeles*, 521 F.3d 1238, 1241 (9th Cir. 2008).

Plaintiff bears the burden of proof to establish "the existence of specific reasonable accommodations" that the jail failed to provide.  *Memmer*, 169 F.3d at 633.  In this summary judgment context, plaintiff bears the burden of demonstrating an issue of fact that what he proposed was indeed necessary and reasonable.  Plaintiff has failed to meet his

---

[4] While defendant has also argued that plaintiff failed to exhaust his administrative remedies, the court will look to the merits of the claim.

7

burden to demonstrate deliberative indifference in light of all the accommodations in the shower area including the shower bench, grab bars, and wide area to maneuver the wheelchair provided for him.  While plaintiff states he requested a shower chair, he has not shown that defendant was deliberately indifferent for failing to provide a chair when all of these other accommodations were provided.  Summary judgment is granted to defendant for this claim.

## CONCLUSION

1. The motions for summary judgment (Docket Nos. 18, 27) are **GRANTED**.
2. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 16, 2015.

NANDOR J. VADAS
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

DAVID PRESTON BROWN,

    Plaintiff,

v.

STEVE FREITAS, et al.,

    Defendants.

No. 1:13-CV-05630 NJV

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on March 16, 2015, I served a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person listed below, by depositing said envelope in the U.S. Mail.

David Preston Brown
2066 Mendocino Avenue
#54
Santa Rosa, CA 95401

Dated: March 16, 2015

*Linn Van Meter*

Linn Van Meter
Administrative Law Clerk to the
Honorable Nandor J. Vadas

9